

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 27, 1972

Honorable Bill Warren
County Attorney
Shelby County Courthouse
P. O. Box 627
Center, Texas 75925

Opinion No. M-1102

Re: Whether it is lawful
for any person to make
use of a dog or dogs
in hunting, pursuing,
or taking deer in any
portion of Shelby
County, Texas-

Dear Mr. Warren:

You have requested an opinion of this office on the following question, rephrased:

Whether it is lawful for any person to make use of a dog or dogs in hunting, pursuing, or taking deer in any portion of Shelby County, Texas?

The answer to your question requires us to consider and harmonize two different acts of the legislature. These are:

(1) Article 880, Vernon's Penal Code, first enacted in 1925, and last amended by Acts 62nd Leg. R.S. 1971, Ch. 543, p. 1855 reads as follows:

"Section 1. It is hereby declared unlawful for any person or persons to make use of a dog or dogs in the hunting of our pursuing or taking of any deer. Any person or persons owning or controlling any dog or dogs and who permits or allows such dog or dogs to run, trail, or pursue any deer at any time shall be deemed guilty of a misdemeanor, and upon conviction shall be fined in any sum of not less than Twenty-five Dollars ($25), and not more than Two Hundred Dollars ($200); provided, however, that this article shall not apply

-5376-

to the Counties of Brazoria, San Augustine, and
Fort Bend. And, provided further, that it shall
be lawful to use dogs for the purpose of trailing
a wounded deer in the Counties of Concho, Jones,
Zapata, and Angelina.

(2)  Article 880b, Vernon's Penal Code, (Acts 55th Leg.
2nd C.S., 1957 Ch. 13, p. 170):

"Sec. 1.  It shall be unlawful for any
person to make use of a dog or dogs in the hunting
of or pursuing or taking of any deer in that
portion of Shelby County, Texas lying and being
situated South and West of U.S. Highways 59 and
96, and being that portion of Shelby County lying
South and West of the public highways leading
from Carthage in Panola County, Texas. through
Tenaha and Center, in Shelby County, Texas, to
San Augustine, in San Augustine County, Texas at
any time."

The provisions of Article 880 state generally that it
shall be unlawful for any person to use dogs in the hunting
of or pursuing or taking of any deer. Certain counties are
excepted from the application of Article 880 but Shelby
County is not one of those counties. Article 880b, provides
that it shall be unlawful for anyone to use dogs in the
hunting of or pursuing or taking of deer in a specified
portion of Shelby County.

In construing a statute a court is not restricted to the
body of the statute. It may refer to other provisions, such
as the caption. The title may show the legislative intent.
53 Tex.Jur. 248, "Statutes" Section 168.

Every provision, clause, or word of an act will be con-
strued with reference to its leading idea, or general purpose,
and brought so far as possible into harmony therewith. Thus,
where a statute is designed to afford a remedy for existing
evils, it should be given such interpretation as will afford
a reasonable remedy. Contrariwise, a construction that is
repugnant to the object of the law or that will defeat,
thwart, or unduly limit its plain purpose, will be avoided.
53 Tex.Jur.2d, p.237, "Statutes" Sec. 163.

It is therefore most significant to view the language of the caption and other language in the body of Article 880b, as enacted in 1957, to determine whether the legislature intended to impliedly authorize the use of dogs in hunting of deer in a portion of Shelby County, thereby creating an exception to the general provisions of Article 880. The caption reads as follows:

"An Act making it unlawful for any person to make use of a dog or dogs in the hunting, pursuing, or taking of any deer in the South and West portion of Shelby County, Texas, at any time; providing penalties for violation of this Act; and declaring an emergency."

Section 3 of the Act, the emergency clause,[1]reads:

"The fact that the deer population of Shelby County is being rapidly depleted through the use of dogs in hunting in that county, thereby making it necessary that immediate measures be taken for the conservation of these animals, creats an emergency and an imperative public necessity . . . "

In applying the above rules of statutory construction as would best show the legislative intent, it is apparent that the legislature has by Article 880 and 880b expressly prohibited the hunting of deer with dogs in any portion of Shelby County at any time. To construe Article 880b to impliedly authorize the use of dogs in hunting of deer in a portion of Shelby County, as an exception to Article 880 would be wholly inconsistent with the language of the Act and in effect would contribute to the expressed evil which the Act seeks to suppress, "the depletion of the deer population through the use of dogs in hunting in Shelby County."

---

[1] Acts 55th Leg., 2ndC.S. 1957, Ch.13, p.170.

Honorable Bill Warren, page 4     (M-1102)

The amendment of Article 880, the general law statute, as recently as 1971, without any exception for Shelby County, further supports the view expressed above.

You are therefore advised that it is unlawful for any person to make use of a dog or dogs in the hunting of or pursuing or taking of deer in any portion of Shelby County.

### S U M M A R Y

It is unlawful for any person to make use of a dog or dogs in the hunting of or pursuing or taking of deer in any portion of Shelby County, Texas, at any time.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Guy C. Fisher
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Sally Phillips
Harriet Burke
Sam Jones
Scott Garrison

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant